# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

**JOSEPH CIRIGLIANO,**

    Plaintiff,

v.                                             Case No.: 8:19-cv-02108

**CAPITAL ONE SERVICES, LLC,**

    Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

**COMES NOW** the Plaintiff, JOSEPH CIRIGLIANO, by and through undersigned counsel, sues the Defendant, CAPITAL ONE SERVICES, LLC, and alleges as follows:

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1367 and 1441(b).

2. Venue lies within United States District Court for the Middle District of Florida, Tampa Division because a substantial part of the events giving rise to this claim occurred in this Judicial District and is therefore proper pursuant to 28 U.S.C. 1391(b).

## PARTIES

3. Plaintiff, JOSEPH CIRIGLIANO (hereinafter referred to as "Plaintiff"), was a resident of Pasco County, Florida.

4. Defendant, CAPITAL ONE SERVICES, LLC (hereinafter referred to as "Defendant"), was a for profit foreign limited liability company, authorized and doing business in this Judicial District.

## GENERAL ALLEGATIONS

5. At all times material, Plaintiff was an employee of the Defendant within the meaning of the Family and Medical Leave Act ("FMLA").

6. At all times material, Plaintiff was qualified to perform his job duties within the legitimate expectations of his employer – the Defendant.

7. Plaintiff has retained the undersigned counsel to represent him in this action and is obligated to pay them a reasonable fee for their services.

## FACTUAL ALLEGATIONS

8. Plaintiff began his employment with Defendant in approximately July 1998, as a Supervisor.

9. Plaintiff was diagnosed with and sought treatment for PTSD and depression in approximately October of 2018.

10. Around the same time, Plaintiff disclosed his serious health condition to his manager, Erin Groff, and began utilizing his approved intermittent FMLA leave.

11. Plaintiff, prior to applying for and utilizing FMLA, had never been issued a write up or warning.

12. Plaintiff's work environment immediately began to deteriorate. More specifically, Ms. Groff began securitizing Plaintiff's work and writing him up. On one occasion, during a write up, Plaintiff again explained to Ms. Groff what he was going through health wise and she made a comment something like, "We've heard about this to ad nauseam."

13. In addition, a few members of management, including Ms. Groff, were walking behind Plaintiff and he overhead someone make a comment something like, "Don't get near him, he's crazy," appearing to reference the serious health condition suffered by Plaintiff.

14. On or about May 19, 2019, Plaintiff was terminated by Ms. Groff.

## COUNT I
## FAMILY MEDICAL LEAVE ACT – INTERFERENCE

15. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs one (1) through fourteen (14).

16. Plaintiff is an individual entitled to protection under the Family and Medical Leave Act (FMLA), 29 U.S.C. §2601, et seq.

17. Plaintiff is an eligible employee within the meaning of the FMLA because Plaintiff worked for Defendant for twelve (12) months, had at least 1,250 hours of service for the Defendant during twelve (12) months immediately preceding his FMLA leave, and worked at a location where the Defendant had at least fifty (50) employees within seventy-five (75) miles.

18. Defendant is a covered employer under the FMLA in that they had fifty (50) or more employees in twenty (20) or more work weeks in the current or preceding calendar year.

19. Plaintiff suffered from a serious health condition within the meaning of the FMLA.

20. Defendant's actions interfered with Plaintiff's lawful exercise of his FMLA rights among other actions.

21. Defendant's actions constitute violations of the FMLA.

22. As a result of Defendant's unlawful actions, Plaintiff has suffered and will continue to suffer damages.

**WHEREFORE,** Plaintiff, JOSEPH CIRIGLIANO, prays for judgment against the Defendant, CAPITAL ONE SERVICES, LLC, and for the following damages:

    a. Back pay and benefits;

    b. Prejudgment interest on back pay and benefits;

    c. Front pay and benefits;

      d.      Liquidated damages;

      e.      Attorneys' fees and costs;

      f.      Injunctive relief; and

      g.      For any other relief, this Court deems just and equitable.

## COUNT II
## FAMILY MEDICAL LEAVE ACT – RETALIATION

23. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs one (1) through fourteen (14).

24. Defendant has retaliated against Plaintiff in violation of the FMLA in that Plaintiff's employment was terminated after he exercised his right to utilize qualified FMLA leave.

25. Defendant's actions constitute a violation of the FMLA.

26. As a result of Defendant's actions, Plaintiff has suffered and will continue to suffer damages.

**WHEREFORE,** Plaintiff, JOSEPH CIRIGLIANO, prays for judgment against the Defendant, CAPITAL ONE SERVICES, LLC, and for the following damages:

      a.      Back pay and benefits;

      b.      Prejudgment interest on back pay and benefits;

      c.      Front pay and benefits;

      d.      Liquidated damages;

      e.      Attorneys' fees and costs;

      f.      Injunctive relief; and

      g.      For any other relief, this Court deems just and equitable.

## DEMAND FOR JURY TRIAL

27.     Plaintiff demands a trial by jury on all issues so triable.

Dated this 22nd day of August, 2019.

**FLORIN GRAY BOUZAS OWENS, LLC**

**/s/ Hunter A. Higdon**
**HUNTER A. HIGDON, ESQUIRE**
Florida Bar No.: 85963
Primary:        hhigdon@fgbolaw.com
Secondary:    daniela@fgbolaw.com
**WOLFGANG M. FLORIN, ESQUIRE**
Florida Bar No.: 907804
Primary:        wolfgang@fgbolaw.com
**CHRISTOPHER D. GRAY, ESQUIRE**
Florida Bar No.: 902004
Primary:        chris@fgbolaw.com
16524 Pointe Village Drive, Suite 100
Lutz, Florida 33558
Telephone No.: (727) 254-5255
Facsimile No.: (727) 483-7942
*Trial Attorneys for Plaintiffs*